## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

|  |  |
|---|---|
| NATIONAL MEDICAL IMAGING, LLC and | Case No.: 08-17351-elf |
| NATIONAL MEDICAL IMAGING HOLDING | Case No.:  08-17348-elf |
| COMPANY, LLC, | (Jointly Administered) |

      Alleged Debtors.

_____

|  |  |
|---|---|
| NATIONAL MEDICAL IMAGING, LLC and | Adv. Case No.: 14-00250-elf |
| NATIONAL MEDICAL IMAGING HOLDING | Adv. Case No.: 14-00251-elf |
| COMPANY, LLC, | (Consolidated for Pre-Trial and Trial) |

      Plaintiffs,

vs.

U.S. BANK N.A., *et al*.,

      Defendants.

_____

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF U.S. BANK DEFENDANTS TO APPLY COLLATERAL ESTOPPEL OR THE LAW OF THE CASE DOCTRINE TO CERTAIN FINDINGS IN CASE NO. 16-20544-CMR

The Court should apply either the collateral estoppel (issue preclusion) doctrine or the law of the case doctrine to the 28 findings recited in the accompanying motion based on the authority discussed below.

### COLLATERAL ESTOPPEL

As explained by Judge Fehling in his 2009 decision in the main bankruptcy case:

Collateral estoppel prevents subsequent litigation of an issue of fact or law that had been determined and resolved in a prior court proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 . . . (2001).

The doctrine applies when each of the following four elements is satisfied: (1) An issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel

is asserted had a full and fair opportunity to litigate the issue in the prior action. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir.2009). The party asserting collateral estoppel bears the burden of showing that it applies. U.*S. v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir.1984).

Collateral estoppel serves several purposes. First, it protects parties from the burden of relitigating the same issue with the same party. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Second, the doctrine promotes judicial efficiency by encouraging plaintiffs to join all relevant parties in the first action. *Id.* Third, collateral estoppel promotes reliance on judicial action by reducing the likelihood of an inconsistent judgment. *Oregon v. Guzek*, 546 U.S. 517, 526, 126 S.Ct. 1226, 163 L.Ed.2d 1112 (2006). As the Third Circuit has recently observed:

> '[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution. *Duvall v. Attorney Gen. of the U.S.,* 436 F.3d 382, 387 (3d Cir.2006) (citation omitted).'

*In re Nat'l Med. Imaging, LLC*, 439 B.R. 837, 844–45 (Bankr. E.D. Pa. 2009).

As explained by Judge Rufe in affirming Judge Fehling's decision:

In order for collateral estoppel to apply, the following requirements must be met:

> (1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question. *Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund, Inc.- Pension Fund v. Centra*, 983 F.2d 495, 505 (3d Cir. 1992).

An additional requirement that "the previous determination was necessary to the decision" is sometimes added. *E.g.*, *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d Cir.1995). " 'Collateral estoppel ... has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.' " *Jean Alexander Cosmetics, Inc.*, 458 F.3d [248, 253 (3d Cir. 2006) (quoting *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)) (ellipsis original). Because of the risk of erroneously denying parties a chance to be heard on their claims, however, reasonable doubts about the application of collateral

estoppel should be resolved against its use. *Witkowski v. Welch*, 173 F.3d 192, 206 (3d Cir.1999) (citing *Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir.1970)).

*DVI Receivables XIV, LLC v. Nat'l Med. Imaging, LLC*, 529 B.R. 607, 617 (E.D. Pa. 2015), *aff'd*

*sub nom. Nat'l Med. Imaging, LLC v. Ashland Funding LLC*, 648 F. App'x 251 (3d Cir. 2016).

As explained by the Third Circuit, in affirming Judge Rufe in the appeal taken by Ashland

Funding:

> Collateral estoppel, or issue preclusion, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (internal quotation marks omitted). In order for collateral estoppel to apply, the following four elements must be satisfied: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247–48 (3d Cir.2010) (quoting *Szehinskyj v. Att'y Gen.*, 432 F.3d 253, 255 (3d Cir.2005)).

*Nat'l Med. Imaging, LLC v. Ashland Funding LLC*, 648 F. App'x 251, 255 (3d Cir. 2016).

 "As commonly explained, the doctrine of collateral estoppel can apply to preclude

relitigation of both issues of law and issues of fact if those issues were conclusively determined in

a prior action." *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 170-71 (1984). *See also*

*Berwind Corp. v. Apfel*, 94 F. Supp. 2d 597, 610 (E.D. Pa. 2000) (("The doctrine of collateral

estoppel or issue preclusion prevents the relitigation of issues of law or fact which have already

been adjudicated on their merits, whether or not the subsequent suit is based on the same cause of

action.") (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

NMI's severe insolvency and its active and already substantially implemented plan to

shutter its imaging business—and what NMI told Lyon and its advisors about these matters—

figured prominently in the decision to seek involuntary bankruptcy relief for NMI.  In the §303(i)

Case, these facts were relevant to NMI's claim for damages based on alleged bad faith.  Here,

these facts may be relevant to evaluating the "totality of the circumstances" for purposes of determining the threshold issue of NMI's entitlement to some §303(i)(1) fees. Further, the findings may be relevant in determining the reasonableness of fees sought by NMI.

To be sure, the claim here is different than the claim in the District Court §303(i)(2) Case. That does not matter for purposes of collateral estoppel. "When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, <u>whether on the same or a different claim</u>." Restatement (Second) of Judgments § 27 (1982) (underscoring added). *Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (citing this rule and stating that the Third Circuit has consistently applied this general rule and citing cases). Thus, NMI cannot argue that issue preclusion does not apply because the precise claim here is different than the claim in the District Court.[1]

Without question, there was a final adjudication in the §303(i) case, the parties are identical (on both sides) in the two cases, and NMI had a full and fair opportunity to litigate the issues and did so. Collateral estoppel applies to the 28 findings.

## LAW OF THE CASE

The U.S. Bank Defendants regard the §303(i)(2) Case as a separate and distinct case from the case at bar and a case that should never have been brought. This Court has suggested that the instant case and the District Court §303(i) Case can be viewed as two phases of the overall §303(i) litigation. *In re Nat'l Med. Imaging, LLC*, No. AP 14-250, 2022 WL 4073431, at *13 (Bankr. E.D.

---

[1] Nothing herein should be read as an acknowledgement that NMI was right to pursue a damages case or that the work performed in that case was needed to develop a record for the fee case. Nevertheless, the fact remains that NMI elected to pursue a damages case, and, in losing that case, suffered adverse findings.

Pa. Sept. 2, 2022) ("On balance, therefore, I am persuaded that Congress intended § 303(i) to allow

costs and reasonable attorney's fees to be shifted to petitioning creditors for all phases of § 303(i)

litigation.").

Whether the §303(i)(2) Case and this case are viewed as two phases of the same case or

merely as closely related cases, the law of the case doctrine applies to the District Court's findings

which were affirmed by the Third Circuit.

Law of the case applies both to factual findings and conclusions of law.  As explained in a

recent decision:

> Under the law of the case doctrine, when a court decides upon a rule of law[,] that
> decision should continue to govern the same issues in subsequent stages of the same
> case." *In re Titus*, 566 B.R. 755, 770 (Bankr. W.D. Pa. 2017), *judgment
> entered,* 10-23668-TPA, 2017 WL 1247300 (Bankr. W.D. Pa. Mar. 31, 2017),
> and *aff'd sub nom. Titus v. Shearer for Chapter 7 Bankr. Estate of Titus*, AP 10-
> 2338, 2017 WL 5467712 (W.D. Pa. Nov. 14, 2017), *aff'd sub nom. In re Titus*, 916
> F.3d   293   (3d   Cir.   2019). Law of the case applies     equally     to   legal
> and factual findings. *In re Jamuna Real Estate, LLC*, 392 B.R. 149, 169 (Bankr.
> E.D. Pa. 2008) (J. Raslavich). "A leading commentator explains that '[i]f an attempt
> is made to press the same fact issue for a second time on an unchanged record, law-
> of-the-case reluctance approaches maximum force.' " *Id.* (quoting 18B Wright,
> Miller and Cooper, *Federal Practice & Procedure:* Juris. 2d 4478.5 (2002)). *See In
> re Landmark Distributors, Inc.*, 189 B.R. 290, 292 (Bankr. D.N.J. 1995) (parties
> agreed        that findings by      trier        of fact constituted law of the case).

*In re Budd*, No. 20-21419-ABA, 2022 WL 660591, at *6 (Bankr. D.N.J. Mar. 4, 2022).

Further, the doctrine applies to findings and conclusions in a closely related case:

> [T]he Court is guided by the law of the case doctrine, which limits relitigation of
> "a previously decided issue" so as to "promote finality, consistency, and judicial
> economy."  *Hamilton v. Leavy*, 322 F.3d 776, 786-87 (3d Cir. 2003). Law of the
> case doctrine is applicable where a court adheres to a prior ruling in a closely related
> case. *See Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 1999 WL
> 680185, at *34 (W.D. Pa. July 21, 1999), *aff'd on other grounds*, 215 F.3d 407 (3d
> Cir. 2000); *see also Brown v. New York*, 975 F. Supp.2d 209, 220 (N.D.N.Y. 2013)
> (applying the doctrine to claims previously adjudicated by the same court
> in related cases).

*Atkinson v. Luitpold Pharms., Inc*., No. CV 19-0277, 2020 WL 4518022, at *5 (E.D. Pa. Aug. 6,

2020).  Without question, the action in the District Court is a closely related case, even though

the focus of that action was the recovery of damages, not proving entitlement to attorney's fees

or the reasonableness of the fees sought.

## **<u>CONCLUSION</u>**

For the foregoing reasons the Court should apply either collateral estoppel, the law of the

case doctrine or both, and it should deem the 28 findings binding herein, to the extent relevant,

and it should not require any party to introduce evidence to prove the facts set forth in the 28

findings.

Dated:  November 9, 2022

/s/ *Peter H. Levitt*
Peter H. Levitt, *pro hac vice*
Jack C. McElroy, *pro hac vice*
John W. Bustard, *pro hac vice*
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9447
Email: plevitt@shutts.com
Email: jmcelroy@shutts.com

/s/*Steven J. Adams*
Steven J. Adams
Stevens & Lee, P.C.
PA I.D. No. 56293
111 North Sixth St., P.O. Box 679
Reading, Pennsylvania 19603
Telephone:  (610) 478-2133
Email:  sja@stevenslee.com

**Attorneys for the U.S. Bank Defendants**