## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | |
|---|---|
| NATIONAL MEDICAL IMAGING, LLC and | Case No.: 08-17351-elf |
| NATIONAL MEDICAL IMAGING HOLDING | Case No.: 08-17348-elf |
| COMPANY, LLC, | (Jointly Administered) |

     Alleged Debtors.

_____

| | |
|---|---|
| NATIONAL MEDICAL IMAGING, LLC and | Adv. Case No.: 14-00250-elf |
| NATIONAL MEDICAL IMAGING HOLDING | Adv. Case No.: 14-00251-elf |
| COMPANY, LLC, | (Consolidated for Pre-Trial and Trial) |

     Plaintiffs,

vs.

U.S. BANK N.A., *et al.*,

     Defendants.

_____

## U.S. BANK DEFENDANTS' MEMORANDUM IN SUPPORT
## OF MOTION TO LIMIT SCOPE OF FEE TRIAL AND EXCLUDE EVIDENCE

U.S. Bank National Association (including Lyon Financial Services, Inc. by merger), DVI Receivables XIV, LLC, DVI Receivables XVI, LLC, DVI Receivables XVII, LLC, DVI Receivables XVIII, LLC, DVI Receivables XIX, LLC, DVI Funding, LLC and Jane Fox (collectively, the "U.S. Bank Defendants"), by their undersigned counsel, submit this memorandum of law in support of their motion to limit the scope of the fee trial and exclude certain evidence.

## INTRODUCTION

The U.S. Bank Defendants are seeking to limit the scope of the fee trial for all parties. In sum, the U.S. Bank Defendants will stipulate to the threshold issue of entitlement thereby avoiding any need for evidence and proof of facts as to the "totality of the circumstances." At the same

time, the U.S. Bank Defendants are preserving all of their other legal objections, including issues previously ruled on by the Court adversely to them, and preserving their objections to the requested fees based on compensability, reasonableness, relatedness, rates and amounts.

By stipulating to entitlement, the U.S. Bank Defendants are not stipulating that Plaintiffs, under the statute, are entitled to recover any post-dismissal fees.  They also are not stipulating that they would be unable to overcome the presumption if that matter was tried.

The U.S. Bank Defendants note that NMI also asserted a claim against them for sanctions under Bankruptcy Rule 9011.  For the reasons set forth below, that claim should not stand in the way of narrowing the scope of the trial.

## **RELEVANT BACKGROUND**

In this case, NMI contended that the numerosity requirement under 11 U.S.C. § 303(b) had not been satisfied because the DVI securitization entities who were the petitioners were not NMI's creditors.  Based on another court's determination of this issue, this Court (Judge Fehling) dismissed the petitions.

Before the dismissal of the petitions on December 28, 2009—which was clearly an adjudication on the merits—NMI sought relief against the petitioners (the DVI entities) under 11 U.S.C. § 303(i).  However, *in opposing the petitions*, NMI did not seek relief under Rule 9011 against the petitioners o*r any other parties or non-parties.  See* Case No. 08-017348, Doc. Nos. 10, 10-1, 96-1.  NMI sought relief under § 303(i) only, although it did state that it was reserving its right to seek unspecified other relief at some point in the future.

After the dismissal, NMI, on January 4, 2010, filed a "motion for sanctions" seeking attorney's fees, costs and damages against the petitioners as well as against U.S. Bank, Lyon and Fox.  NMI did not seek Rule 9011 sanctions against any of the U.S. Bank Defendants.  It sought

relief against the U.S. Bank Defendants only under 11 U.S.C. § 303(i) and 11 U.S.C. § 105(a).
Doc. No. 176, pp. 9-10; Doc. No. 179 (97-page brief).

NMI first sought Rule 9011 sanctions against the U.S. Bank Defendants on May 27, 2014.
On that date, 4 and ½ years after the petitions were dismissed, NMI filed an Adversary Complaint.
Doc. No. 289, ¶¶ 86-87 and Adv. No. 14-00250, Doc. No. 1.  On May 28, 2014, the Court issued
summonses for U.S. Bank, Lyon and Fox.  Adv. No. 14-00250, Doc. No. 2.  The summonses were
served.  When those summonses were served, U.S. Bank, Lyon and Fox became parties in this
litigation.

Thus, not only did NMI fail to seek Rule 9011 sanctions against the U.S. Bank Defendants
prior to May 27, 2014, but U.S. Bank, Lyon and Fox did not even become parties until after the
May 28, 2014 summonses were served.

On August 1, 2014, U.S. Bank, Lyon, Fox and the DVI entities moved to dismiss the
Adversary Complaint.  Adv. No. 14-00250-elf, Doc. No. 19.  On June 30, 2017, Judge Fehling
denied the motion to dismiss but *reserved ruling* on the timeliness of NMI's request for Rule 9011
sanctions.  *Id*., Doc. Nos. 95 & 96.

## APPLICABLE LAW CONCERNING MOTIONS IN LIMINE

This motion is a motion in limine.  The Third Circuit has recognized that a motion in limine
"is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial
interruptions." *Bradley v. Pittsburgh Bd. of Educ*., 913 F.2d 1064, 1069 (3d Cir. 1990).  The Third
Circuit has encouraged the use of motions in limine to narrow issues for trial.  *Duca v. Raymark
Indus*., No. CIV. A. 84-0587, 1986 WL 10539, at *1 (E.D. Pa. Sept. 22, 1986) (citing

*In re Japanese Elec. Prod. Lit.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd other grounds*, 475 U.S. 574 (1986).  Courts encourage motions in limine "to narrow the issues, shorten the trial, and save costs for the litigants."  75 Am. Jur. 2d Trial § 41 (2022).

Here, the proposed conditional concession will shorten the trial by avoiding the need for numerous fact witnesses either to testify live or to have prior testimony presented in some other manner.  If the motion is granted, substantial trial exhibits will no longer be relevant or needed.  The trial may be reduced from five days to three days or perhaps even two days.  The Court will save time, and the parties will save time and money.[1]  Certain appellate issues will be eliminated as well.

It is possible that NMI may contend that it needs "totality" evidence to attempt to prove its far-fetched and belated Rule 9011 claim.  For the reasons set forth below, the Court should not accept that argument.

### NMI'S RULE 9011 CLAIM IS OBVIOUSLY UNTIMELY

As argued previously by the U.S. Bank Defendants, NMI's claims for attorneys' fees and costs under Fed. R. Bankr. P. 9011 should be dismissed as untimely.  Judge Fehling considered this issue (in ruling on the U.S. Bank Defendants' motion to dismiss the complaint herein), and he reserved ruling.

In *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 100 (3d Cir. 1988), the Third Circuit adopted what has become known as the *Pensiero* rule.  It provides as follows:

> To carry out the objectives of expeditious disposition, we adopt as a supervisory rule for the courts in the Third Circuit a requirement that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final

---

[1] The trial will still be a substantial exercise because NMI is seeking 14 years of fees in various categories involving various kinds of work, and the U.S. Bank Defendants have substantial objections to a large percentage of the fees sought by NMI.

> judgment. Where appropriate, such motions should be filed at an earlier time—as
> soon as practicable after discovery of the Rule 11 violation.

*Pensiero*, 847 F.2d at 100.  The Third Circuit emphasized that this rule is necessary to assure

prompt resolution of sanctions motions.  The Third Circuit explained that a Rule 11 motion should

be resolved at the time the merits are resolved or very soon thereafter so that any appeal on the

merits also will address the sanctions relief if it is granted, thereby avoiding two separate appeals.

*Id.* at 99.

The Third Circuit also explained that the prompt filing of a Rule 11 motion serves an

important notice purpose:

> The drafters of Rule 11 also suggest early action by litigants who believe they have
> a valid ground for requesting sanctions under the Rule. The Advisory Committee
> Notes recommend that '[a] party seeking sanctions should give notice to the court
> and the offending party promptly upon discovering a basis for doing so.... However,
> it is anticipated that in the case of pleadings the sanctions issue under Rule 11
> normally will be determined at the end of the litigation, and in the case of motions
> at the time when the motion is decided or shortly thereafter.'

*Id.*  Thus, to avoid fragmented appeals and to provide adequate advance notice to the U.S. Bank

Defendants, NMI needed to request Rule 9011 sanctions before Judge Fehling dismissed the

petitions.  There was no factual or legal basis for any such sanctions.  But, if NMI thought

otherwise, it needed to act promptly in making its position known and requesting that relief.

Bankruptcy Rule 9011 is an analog to Rule 11.  The Third Circuit has applied the *Pensiero*

rule to motions filed under Rule 9011.  *See In re Nicola*, 65 Fed. Appx. 759, 762 (3d Cir. 2003).

Judge Fehling noted that, in *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir 2008),

the Third Circuit raised a question about whether <u>*Pensiero*</u> should apply to Rule 9011, especially

in view of a 1997 amendment that excepted "petitions" from the 21-day advance notice

requirement.  Nothing in the 1997 amendment suggests that the timeliness requirement should be

wholly abandoned when the allegedly offending document is a petition.

In any event, the Third Circuit did not, in *Schaefer Salt*, hold that the *Pensiero* rule does not apply to Rule 9011. On the contrary, it merely held that the *Pensiero* rule does not apply to sanctions against attorneys for vexatious and unreasonable multiplication of proceedings under 28 U.S.C. § 1927. That is not at issue here.

Judge Fehling cited *In re Tobacco Road Assoc., L.P.*, No. 06-CV-2637, 2007 WL 966507, at *22 (E.D. Pa. March 30, 2007), for the proposition that the *Pensiero* rule is not inflexible. *In re Nat'l Med. Imaging*, at 166. But, *Tobacco Road* clearly does not support allowing NMI to seek Rule 9011 sanctions against the U.S. Bank Defendants years after the dismissal of the petitions.

In *Tobacco Road*, all the relevant activity—the filing of the bankruptcy petitions, the motion to dismiss and a hearing on it—took place in April and early May 2006. The bankruptcy court (Judge Fehling) dismissed the petitions in early May. Then, after first granting a short additional period for sanctions motions, Judge Fehling granted a stay on sanctions motions pending appeals to the District Court on the merits.

In *Tobacco Road*, the district court reversed this part of Judge Fehling's ruling. It stated:

> Considering the supervisory rule announced in *Pensiero* and extended in cases such as *Simmerman*, it is clear that the Bankruptcy Court did not have the authority to extend the deadline for filing indefinitely. Even if trial courts have some discretion in ensuring compliance with the supervisory rule, extending the deadline until after the pending appeals were resolved was an abuse of that discretion. Since the rule is intended to promote judicial economy and maximize the effectiveness of sanctions under Rule 11 and Rule 9011, such motions must ordinarily be filed before final judgment is entered. Under special circumstances, it is possible that a trial court would be required to consider a motion filed after final judgment was entered. For example, if a Rule 9011 violation occurs after final judgment, a motion for sanctions based on that violation would have to be filed after final judgment had been entered, and such filing would be permitted. Even then, however, the rationale underlying the *Pensiero* rule would require the trial judge to consider any sanctions issues as expeditiously as practicable. Regardless of the uniqueness of the circumstances, it would rarely be appropriate for a trial judge to defer consideration of Rule 9011 sanctions until after a merits appeal has been decided.

Consequently, this Court finds that the Bankruptcy Court's indefinite extension of the deadline for Appellee to file a motion for sanctions under Rule 9011 was an abuse of its discretion. That extension was so contradictory to the principles underlying the Third Circuit's supervisory rule that the Court does not find it to be reasonable, even under the somewhat unique circumstances of this case.

*Tobacco Rd.* at *25.

This Court (Hon. Eric L. Frank) has followed *Pensiero* and *Nicola*. *See In re Theokary*, No. ADV 09-051, 2012 WL 3717967, at *2 n.4 (Bankr. E.D. Pa. Aug. 22, 2012) ("Whether *Schaefer Salt* is a precursor to further contraction of the *Pensiero* supervisory rule is not for this court to say. Unless and until the Court of Appeals directs otherwise, this court is bound to apply the supervisory rule."). This Court explained that the supervisory rule might not apply mechanically or rigidly and gave an example of a case in which Rule 11 sanctions were sought three weeks after the entry of a judgment. But, in *Theokary*, this Court applied *Pensiero* because the motion for sanctions was very late. It had been filed "twenty-nine (29) months after the completion of the liability trial on February 22, 2010, seventeen (17) months after the court's February 15, 2011 order dismissing the claims against Gaitway and Showplace and four (4) months after the entry of a final judgment in this adversary proceeding on April 10, 2012." *Id.* This Court ruled that the motion for sanction was untimely.

Here, we are not talking about 17 months or 29 months. The dismissal order was entered in December 2009. NMI did request Rule 9011 sanctions against the U.S. Bank Defendants until May 2014, 42 months after the petitions were dismissed.

Even if one were to interpret *Pensiero* to allow a Rule 9011 motion after the adjudication of the merits of the allegedly offending pleading—and that exception should not be permitted for the reasons the Third Circuit provided in *Pensiero*—a request for sanctions first made against a particular party 42 months after the decision on the merits is absurdly late.

## THE REQUEST FOR RULE 9011 SANCTIONS
## LACKS MERIT AND IS UNNECESSARY

Nothing herein should be deemed as an indication that NMI's Rule 9011 claim has any merit whatsoever.  It does not.  But, the presence of the Rule 9011 claim could complicate and lengthen the trial unnecessarily.

As noted, NMI seeks Rule 9011 sanctions only against parties who are not attorneys.  Rule 9011(c)(2)(A) provides that "[m]onetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)."  Fed. R. Bankr. P. 9011(c)(2)(A).  This means that Rule 9011 sanctions against a represented party are only available for filing a pleading solely for harassment purposes or making factual allegations that lack any evidentiary support whatsoever.

The District Court, in the §303(i)(2) damages action, determined that the involuntary petitions were not filed under any circumstances that could support punitive damages.  If NMI had evidence that the petitions were filed to harass NMI, the District Court would not have drawn this conclusion.

The petitions were dismissed because the DVI entities were determined, based on collateral estoppel, not to be the real parties in interest and to have been replaced as NMI's creditors by their servicer, Lyon.  Nevertheless, the defendants had legal and factual support[2] for the assertion that the DVI entities were the creditors.  Further, the issue of which entity, in a complex securitization,

---

[2] With respect to Rule 9011(b)(3), which imposes a duty on attorneys or unrepresented parties to ensure, upon reasonable investigation, that "the factual contentions they submit to the court have (or are likely to have) evidentiary support," the Third Circuit has directed courts to focus on "whether the party making the representation reasonably believed it at the time to have evidentiary support" when determining whether a party violated that provision.  *In re Thomas*, 612 B.R. 46, 61 (Bankr. E.D. Pa. 2020) (quoting *In re Taylor*, 655 F.3d 274, 282 (3d Cir. 2011)).  To be reasonable, the signer must have had "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." *In re Taylor*, 655 F.3d at 284.

is the creditor turns on legal analysis and legal conclusions. Lyon had advice of counsel, and non-attorney parties cannot be sanctioned under Rule 9011 for erroneous legal conclusions.

The Rule 9011 sanctions request is unsupported, unnecessary and untimely. The Court should not allow its presence to complicate the trial.

## CONCLUSION

The proposal made by the U.S. Bank Defendants will narrow and simplify the trial and save time and money for all parties and save this Court's time as well. For the reasons stated above, the Court should grant the motion.

Dated:  November 9, 2022

/s/*Peter H. Levitt*
Peter H. Levitt, *pro hac vice*
Jack C. McElroy, *pro hac vice*
John W. Bustard, *pro hac vice*
Shutts & Bowen LLP
200 South Biscayne Boulevard, Suite 4100
Miami, FL 33131
Telephone: (305) 415-9447
Email: plevitt@shutts.com
Email: jmcelroy@shutts.com

-and-

/s/*Steven J. Adams*
Steven J. Adams
Stevens & Lee, P.C.
PA I.D. No. 56293
111 North Sixth St., P.O. Box 679
Reading, Pennsylvania 19603
Telephone:  (610) 478-2133
Email:  sja@stevenslee.com

**Attorneys for the U.S. Bank Defendants**