# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | **Chapter 11** |
| NATIONAL MEDICAL IMAGING, LLC and NATIONAL MEDICAL IMAGING HOLDING COMPANY, LLC, | **Case Nos. 08-17348 and 08-17351 (ELF)** |
| Debtors. | |
| NATIONAL MEDICAL IMAGING, LLC and NATIONAL MEDICAL IMAGING HOLDING COMPANY, LLC, | |
| Plaintiffs, | **Adv. Pro. No. 14-00250 (ELF)** |
| v. | **Adv. Pro. No. 14-00251 (ELF)** |
| U.S. BANK, N.A., *et al.*, | |
| Defendants. | |

## RESPONSE OF ASHLAND FUNDING, LLC TO PLAINTIFFS' SUPPLEMENTAL FEE SUBMISSION

In accordance with the Court's Order dated December 8, 2022 [Adv. Case No. 14-250, Dkt. No. 210], Ashland Funding, LLC (**"Ashland"**), by and through its counsel White and Williams LLP, responds and objects to Trial Exhibits P-229, P-230 and P-231 of National Medical Imaging, LLC and National Medical Imaging Holding Company, LLC (collectively, **"Plaintiffs"** or **"NMI"**) and to Plaintiffs' Supplemental Fee Submission [Adv. Case No. 14-250, Dkt. No. 219] incorporating Plaintiffs' Trial Exhibits P-238, P-239, and P-240 (collectively with Plaintiffs' Trial Exhibits P-229, P-230 and P-231, the **"Supplemental Submission"**), as follows:

**A.    Fees and Costs of Kaufman Coren & Ress P.C.**

The Supplemental Submission seeks $341,041.38 on account of the fees and costs of Kaufman, Coren & Ress, P.C. (**"KCR"**), all ostensibly relating to Category 3, as follows:

| Trial Exhibit | Dates | Hours | Fees | Costs | Total |
|---|---|---|---|---|---|
| P-229 | 10/1/2022-11/25/2022 | 509.70 | $223,495.00 | $640.26 | $224,135.26 |
| P-238 | 11/28/2022-12/21/2022 | 223.60 | $113,010.00 | $3,896.12 | $116,906.12 |
| TOTAL | | 733.3 | $336,505.00 | $4,536.38 | $341,041.38 |

In addition to its blanket objections to all of KCR's fees and costs as set forth in the Post-Trial Memorandum of Ashland Funding, LLC [Adv. Case No. 14-250, Dkt. No. 220] (**"Ashland's Post-Trial Memo"**),[1] Ashland specifically objects to $149,840.00 of KCR's fees as detailed below and in Exhibit **"A"** hereto, which identifies specific KCR time entries to which Ashland objects. KCR's fees should further be reduced on account of Mr. Coren's excessive hourly rate. Ashland also objects to $2,097.87 of KCR's costs, which are described only as "Professional Services Prevail Trial Consultants," without any invoice or description of what Prevail's services encompassed.

B. **Fees and Costs of Dilworth Paxson LLP**

The Supplemental Submission seeks $67,834.00 on account of the fees and costs of Dilworth Paxson LLP (**"Dilworth"**), of which $64,607.00 ostensibly relates to Category 3 and $3,226.50 relates to Category 12, as follows:

| Trial Exhibit | Dates | Hours | Fees | Costs | Total |
|---|---|---|---|---|---|

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed in Ashland's Post-Trial Memo.

| Trial Exhibit | Dates | Hours | Fees | Costs | Total |
|---|---|---|---|---|---|
| P-230[2] | 9/19/2022-11/29/2022 | 60.70 | $36,861.00 | $0.00 | $36,861.00 |
| P-239[3] | 11/28/2022-12/21/2022 | 41.40 | $30,973.00 | $0.00 | $30,973.00 |
| TOTAL | | 102.1 | $67,834.00 | $0.00 | $67,834.00 |

Ashland objects to all of Dilworth's Category 12 fees and $19,030.00 of Dilworth's Category 3 fees as more full set forth below and in Exhibit **"B"** hereto, which identifies specific Dilworth time entries to which Ashland objects.[4] Dilworth's fees should further be reduced on account of Mr. McMichael's excessive hourly rate and the duplication of efforts of Mr. McMichael and Ms. Maleski at Trial.

    C.    **Fees and Costs of Karalis P.C.**

The Supplemental Submission seeks $118,463.80 on account of the fees and costs of Karalis P.C. (**"KPC"**), all ostensibly relating to Category 3, as follows:

| Trial Exhibit | Dates | Hours | Fees | Costs | Total |
|---|---|---|---|---|---|
| P-231 | 10/1/2022-11/25/2022 | 190.50 | $75,331.00 | $689.00 | $76,020.00 |
| P-240 | 11/27/2022-12/21/2022 | 89.70 | $40,433.50 | $2,010.30 | $42,443.80 |
| TOTAL | | 280.2 | $115,764.50 | $2,699.30 | $118,463.80 |

---

[2] Plaintiff's Trial Exhibit P-230 includes 53.80 hours and $34,615.00 in fees relating to Category 3, and 6.9 hours and $2,245.50 in fees relating to Category 12.
[3] Plaintiff's Trial Exhibit P-239 includes 38.00 hours and $29,992.00 in fees relating to Category 3, and 3.4 hours and $981.00 in fees relating to Category 12.
[4] Exhibit "B" does not include Dilworth's Category 12 time, since Ashland objects to all of that time.

Ashland objects to $52,678.50 of KPC's fees as more full set forth below and in Exhibit **"C"** hereto, which identifies specific KPC time entries to which Ashland objects.

## RESPONSE

The fees and costs encompassed by the Supplemental Suffer from the same deficiencies described in Ashland's Post-Trial Memo, which Ashland incorporates herein by reference.

### A. Vague, Block-Billed, and Excessive Time

As more fully set forth in Ashland's Post-Trial Memo, vague and block-billed time should be disallowed or dramatically reduced. Through November 15, 2022, the Supplemental Submission seeks more than 90.30 hours and $59,905 of fees described only as "Trial preparation" or "Prepare for trial." Courts "cannot award fees for time billed to emails or internal lawyer conferences with no subject matter *or billed a[s] 'working on trial prep' for weeks.*" *Middlebrooks v. Teva Pharms. U.S.A., Inc.*, 2019 U.S. Dist. LEXIS 30530, 2019 WL 936645, *2 (E.D. Pa. Feb. 26, 2019)(emphasis added). *See also Giedgowd v. Cafaro Grp., LLC*, 2021 U.S. Dist. LEXIS 205882, 2021 WL 4963532, *19 (E.D. Pa. Oct. 26, 2021) (such vague time entries are appropriate only "on the last days before trial").[5] Yet, Mr. Coren and other professionals at KCR simply billed "Trial prep" for at least a couple of hours a day for weeks in advance of the Trial. While arguably KCR might have hoped for a contingent fee earlier in its representation of NMI, it was well aware during the time period covered by the Supplemental Submission that its time entries would be subject to scrutiny and should have described its trial preparation efforts with greater specificity. Indeed, certain of KCR's time entries do use greater specificity, such as ones that refer to the preparation of time entry spreadsheets.

---

[5] Ashland has not objected to "Trial prep" entries to the extent they were billed in the two weeks immediately prior to Trial.

4

Ashland also objects to Mr. Coren's and Mr. McMichael's hourly rates of $1,100 and $1,000, respectively, as excessive for the reasons stated in Ashland's Post-Trial Memo.

**B.    Ashland's Limited Involvement in Category 3**

As more fully described in Ashland's Post-Trial Memo, Ashland played a smaller role in the involuntary petitions and their aftermath and the U.S. Bank Defendants. The Supplemental Submission bears this out. A large portion of the time spent by NMI's counsel was spent not on general trial preparation, but rather on various U.S. Bank-specific matters, including:

(i)    The U.S. Bank Defendants' Motion for Leave to Appeal Filed [Dkt. No. 167] and Motion to Stay Pending Appeal Filed [Dkt. No. 174], and the pursuit of similar relief in the District Court following the denial of the relief by the Bankruptcy Court;

(iii)    Negotiating with the U.S. Bank Defendants' concerning a proposed stipulation to limit the scope of the Trial;

(iv)    Following the breakdown of negotiations concerning the U.S. Bank Defendants' proposed stipulation, the U.S. Bank Defendants' motions in limine, including their Motion to Apply Collateral Estoppel or Law of the Case [Dkt. No. 191] and Motion to Limit Scope of Fee Trial [Dkt. No. 192], as well as NMI's Motion in Limine to Exclude Expert Testimony of Hon. Robert E. Gerber [Dkt. No. 197], relating to the U.S. Bank Defendants' expert. Ashland did not join in any of the motions in limine, and in fact filed a limited objection to the Motion to Limit Scope of Fee Trial. *See* Limited Objection of Ashland Funding, LLC to Motion to Limit Scope of Fee Trial and Exclude Certain Testimony and Evidence [Dkt. No. 200].

(v)    Settlement discussions between NMI and the U.S. Bank Defendants. Although Ashland separately engaged in settlement discussions with NMI, NMI's counsel devoted less time to the Ashland settlement discussions.

5

Indeed, across the three law firms, a staggering 283.7 hours and $140,062.00 in fees incurred during the timeframe covered by the Supplemental Submission relates to the above U.S. Bank-related matters that Ashland had little to no involvement in, as follows:

| Firm | Hours Spent | Fees Incurred |
| --- | --- | --- |
| KCR | 175.90 | $90,665.00 |
| Dilworth | 24.00 | $16,762.00 |
| KPC | 83.80 | $32,635.00 |
| TOTAL | 283.7 | $140,062.00 |

Moreover, substantial duplication of effort among NMI's three law firms on these matters provides a further basis for Ashland's objection to this time. Additionally, because of KCR's rampant use of block billing, time KCR spent in connection with the above matters is frequently lumped in with other objectionable descriptions, such as "Trial preparation" or other vague entries that fail to identify the subject or necessity of the review or meeting.

For the reasons stated in Ashland's Post-Trial Memo, Ashland should not be liable – much less jointly and severally liable – for any of the fees incurred by NMI specifically relating to the U.S. Bank Defendants. At a minimum, Ashland should bear proportionately less responsibility for these fees than the U.S. Bank Defendants.

    **C.**    **Time in Categories 5 through 13**

As more fully set forth in Ashland's Post-Trial Memo, Ashland presented argument and evidence at Trial – contested by neither NMI nor the U.S. Bank Defendants – that it did not participate in Categories 5 through 13, which encompass ancillary litigation between NMI and the U.S. Bank Defendants.

Pursuant to the Supplemental Submission, Dilworth spent a total of 10.3 hours and $3,226.50 relating to Category 12, in which Ashland did not participate. In addition, Supplemental Submission includes time that does not relate to Category 3, but rather Category 5 (Fees Incurred for Florida State Court Matters) and Category 11 (Fees Incurred for U.S. Bank's Appeal in Declaratory Judgment Action), as follows and as more fully detailed in Exhibits A, B, and C hereto:

| Firm | Hours Spent | Fees Incurred |
| --- | --- | --- |
| KCR | 21.10 | $7,985.00 |
| Dilworth | 1.00 | $615.00 |
| KPC | 5.20 | $2.860.00 |
| TOTAL | 27.3 | $8,602.860 |

### D.    Prejudgment Interest

As more fully set forth in Ashland's Post-Trial Memo, Ashland asserts that NMI is entitled to pre-judgment interest. *See* Ashland's Post-Trial Memo (citing *Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods. (In re Hechinger Inv. Co. of Del., Inc.)*, 489 F.3d 568 (3d Cir. 2007) and *David Cutler Indus. v. Bank of Am. (In re David Cutler Indus.)*, 502 B.R. 58 (Bankr. E.D. Pa. 2013). The Supplemental Submission seeks fees in the amount of $20,523.50 for work performed in connection with NMI's claim for prejudgment interest:

| Firm | Hours Spent | Fees Incurred |
| --- | --- | --- |
| KCR | 8.1 | $2,835.00 |
| Dilworth | 1.0 | $615.00 |
| KPC | 57.20 | $17,073.50 |
| TOTAL | 66.3 | $20,523.50 |

If NMI's claim for prejudgment interest is denied – and for the reasons stated in Ashland's Post-Trial Memorandum it should be – so too should the fees incurred in pursuit of NMI's claim for prejudgment interest.

## JOINDER

Ashland joins in the U.S. Bank Defendants' objections to the Supplemental Submission to the extent that it supports the disallowance of fees and costs against all Defendants, including on any additional basis not discussed herein.

## CONCLUSION

WHEREFORE, with respect to the fees and costs encompassed by the Supplemental Submission, Ashland respectfully requests that the Court: (a) decline to hold Ashland liable for fees in Categories 5 through 13, including the Category 12 fees of Dilworth and the Category 5 and Category 11 fees improperly included in Category 3; (b) decline to hold Ashland jointly and severally liable with the U.S. Bank Defendants; (c) deny KCR's fees on the basis that the conditions of the contingent fee arrangement were not met (i.e., NMI derived no "Financial Benefit" from the "Litigation Claims" as those terms are defined in KCR's Fee Agreement) as set forth in Ashland's Post-Trial Memo; (d) deny NMI's request for costs in the amount of $2,097.87 for KCR's trial consultant; (e) deny or reduce NMI's Category 1 through 4 fees and costs as unreasonable in light of NMI's imminent closure at the time the involuntary petitions were filed; (f) deny or reduce NMI's Category 1 through 4 fees and costs as unreasonable in light of deficiencies, including without limitation vagueness, block-billing, duplication, and excessive time spent and hourly rates; and (g) grant such other and further relief as is just and proper.

Dated: January 10, 2023    **WHITE AND WILLIAMS LLP**

By:    */s/ Amy E. Vulpio*
Amy E. Vulpio
PA ID No. 84477
1650 Market Street, Suite 1800
Philadelphia, PA  19103
Telephone: (215) 864-6250
Facsimile:  (215) 789-7550
Email: vulpioa@whiteandwilliams.com

*Counsel for Defendant, Ashland Funding, LLC*

9

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>NATIONAL MEDICAL IMAGING, LLC and NATIONAL MEDICAL IMAGING HOLDING COMPANY, LLC,<br><br>      Debtors. | **Chapter 11**<br><br>**Case Nos. 08-17348 and 08-17351 (ELF)** |
| NATIONAL MEDICAL IMAGING, LLC and NATIONAL MEDICAL IMAGING HOLDING COMPANY, LLC,<br><br>      Plaintiffs,<br><br>  v.<br><br>U.S. BANK, N.A., *et al.*,<br><br>      Defendants. | **Adv. Pro. No. 14-00250 (ELF)**<br><br>**Adv. Pro. No. 14-00251 (ELF)** |

## CERTIFICATE OF SERVICE

I, Amy E. Vulpio, hereby certify that a true and correct copy of the Response of Ashland Funding, LLC to Plaintiffs' Supplemental Fee Submission was delivered via email and the Court's electronic filing system to the following parties on January 10, 2023.

Steven M. Coren, Esquire
Janice Felix, Esquire
Kaufman, Coren & Ress, P.C.
Two Commerce Square, Suite 3900
2001 Market Street,
Philadelphia, PA 19103-2713
(215) 735-8700
scoren@kcr-law.com
jfelix@kcr-law.com

Aris J. Karalis
Maschmeyer Karalis P.C.
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
akaralis@cmklaw.com

| | |
|---|---|
| Steven J. Adams, Esquire<br>Stevens & Lee, P.C.<br>111 North Sixth Street<br>P.O. Box 679<br>Reading, PA  19603-0679<br>(610) 478-2133<br>sja@stevenslee.com | Peter H. Levitt, Esquire<br>John Bustard, Esquire<br>Shutts & Bowen LLP<br>1500 Miami Center<br>201 South Biscayne Blvd. #1500<br>Miami, FL  33131<br>(305) 415-9447<br>plevitt@shutts.com<br>jbustard@shutts.com |

Dated: January 10, 2023  **WHITE AND WILLIAMS LLP**

By: */s/ Amy E. Vulpio*
Amy E. Vulpio
PA ID No. 84477
1650 Market Street, Suite 1800
Philadelphia, PA  19103
Telephone: (215) 864-6250
Facsimile:  (215) 789-7550
Email: vulpioa@whiteandwilliams.com

*Counsel for Defendant, Ashland Funding, LLC*

2